UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEAN STROPE,

                Plaintiff,

    -vs-                                         06-CV-628C(SR)

UNUM PROVIDENT CORP., et al.,

                Defendants.

APPEARANCES:        CREIGHTON, PEARCE, JOHNSEN & GIROUX (JONATHAN G. JOHNSEN, ESQ., of Counsel), Buffalo, New York, Attorneys for Plaintiff.

                            PHILLIPS LYTLE LLP (PAUL K. STECKER, ESQ., of Counsel), Buffalo, New York, Attorneys for Defendants.

**INTRODUCTION**

This is an action, brought pursuant to § 1132(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, in which plaintiff seeks benefits under the Short Term Disability Plan of her former employer, defendant HSBC Bank USA. Benefits payable in accordance with the plan are insured under a group insurance policy issued to HSBC by defendant First Unum Life Insurance Company. Plaintiff's claim for benefits was denied, and she instituted this action on September 15, 2006 (Item 1). Defendants filed their answer to the complaint on November 16, 2006 (Item 7) and filed a motion for summary judgment on January 19, 2007 (Item 9). Defendants contend that they are entitled to judgment as a matter of law because plaintiff cannot establish that the denial of benefits was arbitrary and capricious. In response to the motion for summary judgment, plaintiff argues that discovery is necessary to respond to the motion, to determine the

proper standard of review, and to determine whether the defendants improperly deny claims for "subjective" illnesses like chronic fatigue syndrome (Item 17). Plaintiff also contends that she has established "good cause" to supplement the administrative record.

## DISCUSSION

It is well settled that a challenge to a denial of benefits under ERISA should be reviewed under a *de novo* standard, unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If such discretion is given, a district court must review the administrator's denial of benefits deferentially, and may reverse only if the administrator's decision was arbitrary and capricious. *Id*. at 104. An exception to the arbitrary and capricious standard of review applies when a plaintiff demonstrates that (1) the administrator operated under a conflict of interest and (2) the conflict actually "affected the reasonableness of the administrator's decision." *Sullivan v. LTV Aerospace & Defense Co.*, 82 F.3d 1251, 1256 (2d Cir. 1996) (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 443 (2d Cir. 1995)); *see also Pulvers v. First UNUM Life Ins. Co.*, 210 F.3d 89, 92 (2d Cir. 2000) ("In order to trigger de novo review of an administrator's decision when the plan itself grants discretion to the administrator, a plaintiff must show that the administrator was in fact influenced by the conflict of interest.") (internal quotation marks omitted). The burden of proof on these two requirements falls to the plaintiff. *See Pulvers,* 210 F.3d at 92. "If the court finds that the administrator was in fact influenced by the conflict of interest, the deference otherwise

accorded the administrator's decision drops away and the court interprets the plan de novo." *Sullivan,* 82 F.3d at 1256.  If the plaintiff cannot carry this burden, any conflict the administrator has is simply one more factor to be considered in determining whether the challenged decision was arbitrary and capricious.  *Pulvers,* 210 F.3d at 92.

Here, plaintiff concedes that "defendant has reserved language in its plan document sufficient to show its discretionary authority . . . ."  (Item 17, p. 9.)  The plan provides that defendant has the "discretionary authority to determine . . . eligibility for benefits and to interpret the terms and provisions of the policy."  (Item 15, p. 406.)  Plaintiff, however, argues that, despite this clear language in the plan, defendant is under an inherent conflict of interest that warrants the less deferential standard of review (Item 17, p. 9).  Plaintiff has made no showing of an actual conflict of interest, other than to state that the insurer is both the payer of benefits and the entity responsible for making claims determinations.  The Second Circuit has repeatedly held that "[t]he fact that UNUM served as both plan administrator and plan insurer, although a factor to be weighed in determining whether there has been an abuse of discretion, is alone insufficient as a matter of law to trigger stricter review." *Pulvers,* 210 F.3d at 92 (internal quotations omitted); *see also Jordan v. Ret. Comm. Of Rensselaer Polytechnic Inst.*, 46 F.3d 1264, 1274 (2d Cir. 1995) ("the simple fact that the administrator of a plan . . . happens to be an 'arm of the employer' does not in itself create a conflict of interest."). Therefore, plaintiff's allegation that defendant operated under a conflict of interest solely because of its financial interest does not justify application of a *de novo* standard of review.  Additionally, plaintiff has not shown that any alleged conflict actually influenced the administrator.

Plaintiff asserts that discovery is necessary to determine defendant's motivation in denying her claim and whether defendant improperly denied claims for subjective illnesses. She cites to a transcript from an NBC *Dateline* program from 2002, in which employees of defendant were interviewed and described pressure by management to deny claims. Plaintiff also argues that defendant's failure to have a doctor review her medical records, the failure to offer plaintiff an independent medical examination, and the defendant's failure to request the same information from both plaintiff and her doctor suggest a flawed decision process. However, procedural deficiencies have been determined not to constitute a conflict of interest. *See McCauley v. First UNUM Life Ins. Co.,* 2006 WL 2854162, *6 (S.D.N.Y. October 5, 2006) (alleged procedural flaws, including spoliation of evidence, failure to have a physician review application, and to defer to physician's findings do not constitute a conflict of interest).

It should be noted that several courts have allowed limited discovery for the purpose of determining whether the administrator operated under a conflict of interest and whether that conflict actually influenced the claims determination. *See McGann v. Travelers Property Cas. Corp. Welfare Ben. Plan*, 2007 WL 2769500, *10 (E.D.N.Y. September 21, 2007) (limited discovery allowed on issue of whether there was actual conflict that affected reasonableness of the decision); *McCauley v. First UNUM Life Ins. Co.,* 2006 WL 2854162, *8 (S.D.N.Y. October 5, 2006) (court granted plaintiff's application for discovery beyond the administrative record "specifically to allow Plaintiff the opportunity to gather and present evidence that Defendant was operating under a conflict of interest"); *Samedy v. First UNUM Life Ins. Co. of Am.*, 2006 WL 624889, at *2 (E.D.N.Y. May 10, 2006) (court granted

limited discovery–one deposition–to assist in determining whether there was a conflict of interest); *Harris v. Donnelly*, 2000 WL 1838308, at *7 (S.D.N.Y. Dec. 12, 2000) (court indicated that discovery could be allowed to determine if the plan was understandable and whether there was a conflict of interest, even if the plan was to be reviewed under an arbitrary and capricious standard).

Here, although plaintiff has not indicated what, if anything, further discovery will uncover as to an actual conflict of interest, the court will allow limited discovery solely for the purpose of determining whether the plan administrator operated under an actual conflict of interest and whether that conflict affected the reasonableness of the decision to deny benefits to plaintiff. Thereafter, if the plaintiff can show an actual conflict that affected the decision, the court will consider whether to apply a *de novo* standard of review. Under a *de novo* standard of review, plaintiff may offer evidence outside the administrative record upon a showing of "good cause." *See Locher v. Unum Life Ins. Co.,* 389 F.3d 288, 294 (2d Cir. 2004). If plaintiff is unable to sustain this burden, the court will apply the arbitrary and capricious standard. When applying the arbitrary and capricious standard to review a denial of benefits under ERISA, a reviewing court may not look beyond the administrative record and further discovery would be unnecessary. *See Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995).

## CONCLUSION

The parties shall appear for a telephone conference on April 23, 2008 at 10:30 a.m. with the court on to discuss the parameters of the limited discovery ordered herein and to

set a further schedule for plaintiff's response to the defendant's motion for summary judgment.

So ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: March   21   , 2008
p:\opinions\06-628.mar208