UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEAN STROPE,

                                Plaintiff,

                -vs-                                        06-CV-628C(SR)

UNUM PROVIDENT CORP., et al.,

                                Defendants.
_____

APPEARANCES:    CREIGHTON, PEARCE, JOHNSEN & GIROUX (JONATHAN G.
                JOHNSEN, ESQ., of Counsel), Buffalo, New York, for Plaintiff.

                PHILLIPS LYTLE LLP (PAUL K. STECKER, ESQ., of Counsel),
                Buffalo, New York, for Defendants.


## INTRODUCTION

        This is an action, brought pursuant to § 1132(a)(1)(B) of the Employee Retirement

Income Security Act ("ERISA"), 29 U.S.C. § 1132, in which plaintiff seeks benefits under

the Short Term Disability Plan of her former employer, defendant HSBC Bank USA.

Benefits payable in accordance with the plan are insured under a group insurance policy

issued to HSBC by defendant First Unum Life Insurance Company.  Plaintiff's claim for

benefits under the plan was denied, and she instituted this action on September 15, 2006

(Item 1).  Defendants filed their answer to the complaint on November 16, 2006 (Item 7)

and filed a motion for summary judgment on January 19, 2007 (Item 9).  In response to the

motion for summary judgment, plaintiff argued that discovery was necessary to respond

to the motion, to determine the proper standard of review, and to determine whether the

defendants improperly deny claims for "subjective" illnesses like chronic fatigue syndrome

(Item 17).  In a decision and order filed March 26, 2008, the court ordered limited discovery "solely for the purpose of determining whether the plan administrator operated under an actual conflict of interest and whether that conflict affected the reasonableness of the decision to deny benefits to plaintiff."  (Item 24, p. 5).  Thereafter, the court entered a discovery schedule, and plaintiff served limited discovery demands, to which defendant responded.  At a conference on August 4, 2008, plaintiff's counsel apprised the court of a recent Supreme Court case, which he asserted authorized additional discovery.  At the court's direction, on August 29, 2008, plaintiff filed a motion for the additional discovery on the authority of *Metropolitan Life Ins. Co. v. Glenn,* ____ U.S. ____, 128 S. Ct. 2343 (June 19, 2008) (Items 31, 32).  Defendant filed a response in opposition to the motion on September 12, 2008 (Items 33, 34).  For the following reasons, the plaintiff's motion for additional discovery is denied, and plaintiff is directed to file a substantive response to the defendant's motion for summary judgment (Item 9).

## DISCUSSION

Plaintiff contends that she is entitled to additional discovery based on the recent Supreme Court case, *Metropolitan Life Ins. Co. v. Glenn,* 128 S. Ct. 2343.  Specifically, she argues that the decision in *Glenn* set forth new standards which "require discovery as to the nature and extent of the conflict that exists as a matter of law where the administrator determines eligibility and pays benefits."  (Item 32, Att. 1,  p. 4).  Plaintiff seeks additional evidence outside the administrative record, including evidence of defendant's "history of biased claims handling."  *Id.,* p. 5.

2

It is well settled that a challenge to a denial of benefits under § 1132(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, should be reviewed under a *de novo* standard, unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If such discretion is given, however, a district court must review the administrator's denial of benefits deferentially, and may reverse only if the administrator's decision was arbitrary and capricious. *Id.* at 104. If the benefit plan gives discretion to the administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion. *Id.* at 115. The parties do not dispute that the benefit plan in this case vests the administrator with such discretionary authority, or that defendant both evaluates claims and pays benefits under the plan.

The Supreme Court in *Glenn* expressly held that the fact that a plan administrator both evaluates claims for benefits and pays benefits claims creates the kind of "conflict of interest" to which the court in *Firestone* referred. However, the Court in *Glenn* declined to hold that *de novo* review would be appropriate when there is a conflicted administrator. Likewise, the Court did not find it necessary to "create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." *Glenn,* 128 S. Ct. at 2350-51. Instead, the Court merely reiterated the *Firestone* approach, stating that the conflict is but one factor that the court must assess in determining the lawfulness of a benefits denial. *Id.* at 2351.

3

In such instances, any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance. The conflict of interest at issue . . . should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration. It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits.

*Glenn, supra,* at 2351 (internal cites omitted). *Glenn* "was not a case about discovery and does not suggest that discovery automatically should be permitted if such a conflict exists." *DuBois v. Unum Life Ins. Co. of America,* 2008 WL 2783283, * 1(D.Me. July 14, 2008).

In this case, plaintiff raised the issue of the conflicted administrator and the court allowed limited discovery for the purpose of determining whether the plan administrator operated under an actual conflict of interest and whether that conflict affected the reasonableness of the decision to deny benefits to plaintiff. The parties undertook this limited discovery, and defendant provided its claims manual, descriptions of compensation and recognition programs for claims personnel, and a report reflecting the number of claims handled by personnel who were involved in the evaluation and determination of plaintiff's claim. (Item 34, p. 4.) To permit further discovery at this juncture "would entirely frustrate ERISA's efforts to avoid complex review proceedings." *Florczyk v. Metropolitan Life Ins. Co.,* 2008 WL 3876096, *3 (N.D.N.Y. July 11, 2008) (plaintiff sought and was denied additional discovery outside the administrative record on the authority of *Glenn,* after having been granted limited discovery because of a conflicted administrator). As plaintiff has established a conflict of interest, the court will assess the conflict as one of

4

several factors in determining whether there has been an abuse of discretion in the determination of plaintiff's claim.

## CONCLUSION

No further discovery is authorized by the Supreme Court decision in *Glenn* or is necessary in this case.  Plaintiff shall file a response to the motion for summary judgment on or before April 17, 2009.  If defense counsel desires, a reply may be filed on or before May 11, 2009.  The court will then consider the motion submitted or set a date for oral argument.

So ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: 3/4                , 2009
p:\pending\2006\06-628.jan2009

5