UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEAN STROPE,

                Plaintiff,

      -vs-                                           06-CV-628C(SR)

UNUM PROVIDENT CORP., et al.,

                Defendants.

---

APPEARANCES:    CREIGHTON, PEARCE, JOHNSEN & GIROUX (JONATHAN G. JOHNSEN, ESQ., of Counsel), Buffalo, New York, Attorneys for Plaintiff.

                           PHILLIPS LYTLE LLP (PAUL K. STECKER, ESQ., of Counsel), Buffalo, New York, Attorneys for Defendants.

**BACKGROUND**

This is an action, brought pursuant to § 1132(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, in which plaintiff seeks benefits under the Short Term Disability Plan of her former employer, defendant HSBC Bank USA. Plaintiff's claim for benefits under the plan was denied and she instituted this action on September 15, 2006 (Item 1). Defendants filed their answer to the complaint on November 16, 2006 (Item 7) and filed a motion for summary judgment on January 19, 2007 (Item 9). In response to the motion for summary judgment, plaintiff argued that discovery was necessary to respond to the motion (Item 17) and, in a decision and order filed March 26, 2008, the court ordered limited discovery "solely for the purpose of determining whether the plan administrator operated under an actual conflict of interest and whether that conflict affected the reasonableness of the decision to deny benefits to plaintiff." (Item 24, p. 5).

Thereafter, the court entered a discovery schedule and plaintiff served limited discovery demands, to which defendant responded. On August 29, 2008, plaintiff filed a motion for additional discovery on the authority of *Metropolitan Life Ins. Co. v. Glenn,* 554 U.S. 105 (2008) (Items 31, 32). In a Memorandum and Opinion dated March 11, 2009, the court denied plaintiff's motion for additional discovery and directed her to file a substantive response to the defendant's motion for summary judgment (Item 36). Plaintiff filed a response to the motion and a cross motion for summary judgment April 17, 2009 (Item 37). On March 25, 2010, the court issued a Decision and Order denying defendant's motion, granting plaintiff's motion in part, and remanding the case for reconsideration (Item 39).

Plaintiff has now filed a motion to alter the judgment and for attorney's fees (Item 41). Defendant filed a response to the motion on May 14, 2010 (Items 43, 44), and plaintiff filed a reply on June 2, 2010 (Item 46). For the reasons that follow, the motions are denied.

## DISCUSSION

**1. Motion to Alter or Amend the Judgment**

Plaintiff asks the court to reconsider its remedy and to award benefits to the plaintiff rather than remand the case for further consideration. She argues that a remand would be futile, as she has produced all the available medical evidence. Additionally, she argues that an Independent Medical Examination ("IME") would be of no use, as she has recovered from her disability and seeks short term disability benefits only for a period of six months. Plaintiff contends that defendant should not be given the opportunity to review

her claim a second time and improperly deny benefits once again. Defendant argues that this is a close case in which remand is the proper remedy. Remand would allow for a physician's review of the existing medical evidence, which was not previously done. Additionally, plaintiff could submit evidence of her occupational duties.

Under Fed. R. Civ. P. 59(e), the district court may alter or amend a judgment to correct a clear error of law or prevent manifest injustice. *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The court has considered the plaintiff's argument in favor of reconsideration. Plaintiff has failed to demonstrate that the court overlooked controlling decisions or data. In this case,

> the evidence is not so overwhelmingly one-sided that a reasonable person could only conclude that plaintiff was totally disabled. The proper remedy in this situation is not for the court to substitute its judgment for that of the [administrator], but to remand the case back to the [administrator] with the instruction that [it] reconsider plaintiff's application and comply with the requirements of 29 U.S.C. § 1133 in issuing [a] new decision.

*Brown v. Board of Trustees of Bldg. Service 32B-J Pension Fund*, 392 F.Supp.2d 434, 445 (E.D.N.Y. 2005)(plaintiff entitled to "full and fair review" under section 1133 following denial of claim). Accordingly, the motion to alter or amend the judgment is denied.

## 2. Attorneys' Fees

ERISA § 502(g) provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In determining whether to grant such an award, courts in the Second Circuit must consider:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

*Krizek v. Cigna Group Ins.*, 345 F.3d 91, 102 (2d Cir. 2003) (citing *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987)). In this case, even though the plaintiff is not entitled to summary judgment, the *Chambless* factors weigh in her favor. Defendant wrongfully denied plaintiff the opportunity for a full and fair review, forcing her to bring the present lawsuit. Accordingly, the relative merits of the parties' position thus favors plaintiff. Defendant is able to satisfy the award, and to require it to do so may encourage better compliance in the future, thus conferring a benefit on future claimants.

Although there is authority for deferring the consideration of fees until the final resolution of the proceedings following remand, *see Mohamed v. Sanofi-Aventis Pharmaceuticals*, 2010 WL 2836617, *1 (S.D.N.Y. July 19, 2010) (award of attorneys' fees prior to remand is premature); *Viglietta v. Metropolitan Life Ins. Co.*, 2005 WL 5253336 (S.D.N.Y. September 2, 2005) ("Because the Court recommends remanding Plaintiff's claim to the administrator for a 'full and fair review,' it would be premature to award attorney's fees at this time."), *app. dismissed*, 454 F.3d 378 (2d Cir. 2006); *Shutts v. First Unum Life Ins. Co. of Am.*, 310 F.Supp.2d 489, 501 (N.D.N.Y. 2004) (holding that "it is premature to

address the issue [of attorneys' fees] at this juncture since the Court must remand the matter to Defendant"), there is likewise ample authority to award fees when a claimant obtains a remand. *See MacLeod v. Procter & Gamble Disability Benefit Plan*, 2007 WL 141956, *1 (D.Conn. January 18, 2007) ("no sound reason to delay awarding Plaintiff the reasonable attorneys' fees and costs he incurred in obtaining" remand); *Winkler v. Metropolitan Life Ins. Co.*, 2006 WL 2850247, *3 (S.D.N.Y. September 28, 2006) ("Attorneys' fees in ERISA cases are not granted based on counsel's efforts to obtain disability benefits before a plan administrator, but based on their efforts to vindicate their clients' rights in court."); *Palmiotti v. Metropolitan Life Ins. Co.*, 2006 WL 1637083, *1 (S.D.N.Y. June 09, 2006) ("Fees and costs may be awarded . . . to a plaintiff who obtains the vacatur of an insurance company's denial of benefits and a remand for further consideration."); *Cook v. New York Times Co. Long-Term Disability Plan,* 2004 WL 203111, *20 (S.D.N.Y. January 30, 2004) (fees awarded upon remand); *Sansavera v. E.I.DuPont de Nemours & Co.,* 859 F.Supp. 106, 117 (S.D.N.Y. 1994) (attorney fee award appropriate upon remand to relieve plaintiff of financial burden of pursuing action to obtain fair review of claim). Accordingly, in the exercise of discretion, the court finds that plaintiff is entitled to an award of attorneys' fees and costs.

Plaintiff has submitted a fee request in the amount of $36,995.00, which includes $655.00 in costs and $600.00 for preparation for and oral argument of this motion (Item 42). Defendant has challenged certain aspects of the fee request, including the hourly rate for an associate attorney, the request for compensation for work completed prior to filing the lawsuit, the hours spent on limited discovery requests, and fees for oral argument of this

motion.

The court has reviewed the affidavit in support of the fee request and the contemporaneous time records submitted therewith. It appears that certain entries dated March 2, 4, and 7, 2007 do not relate to this case and, accordingly, the requested fees of $630.00 are not recoverable. Additionally, fees for pre-litigation administrative proceedings are not recoverable under ERISA. *See Peterson v. Continental Cas. Co.,* 282 F.3d 112, 121 (2d Cir. 2002). Accordingly, those fees, from March 29, 2006 to July 5, 2006 and totaling $1,420.00, shall be subtracted from the total award.

Defendant also argues that the fees sought for the preparation of limited discovery requests are excessive. Those entries are dated May 19, 20, 21, 22, and 23, 2008 and the fees requested total $1,550.00. The court agrees that three hours of attorney time at $200 per hour should have been sufficient to prepare the limited discovery requests that were served on defendant. Accordingly, $950.00 will be subtracted from the award. Additionally, as the court will not hear oral argument on this motion, the estimated amount of $600.00 for three hours of argument and preparation is subtracted. Finally, the court finds that the hourly rate of $175 for an associate is not excessive. Accordingly, the court awards plaintiff $32,740.00 in fees and $655.00 in costs, for a total award of $33,395.00.

## CONCLUSION

Plaintiff's motion to alter or amend the judgment is denied. The motion for attorneys' fees is granted. Plaintiff is entitled to an award of costs and fees in the amount of $33,395.00.

So ordered.

    \s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: 11/3, 2010
p:\pending\2006\06-628.nov32010